(No. 1815— ▮▮▮▮▮▮▮▮▮

SILVER-BURDETT AND COMPANY, A NEW JERSEY CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 9, 1935.*

DEFREES, BUCKINGHAM, JONES & HOFFMAN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

This case was submitted on a stipulation of fact.

On October 9, 1931, the claimant filed its petition with the clerk of this court for a refund of the franchise tax paid to the State of Illinois for the fiscal year July 1, 1931—July 1, 1932.

The claimant is a New Jersey Corporation and has for many years been lawfully doing business in the State of Illinois. It maintains a branch office in the City of Chicago.

On February 26, 1931, the claimant prepared and filed with the Secretary of State of the State of Illinois, its annual report for the year 1931-1932, as required by Statute. Upon receipt of this annual report, the Secretary of State assessed a franchise tax in the sum of $200.00 in accordance with the provisions of the Statute then in force; and a further tax of $12.98 as initial fees in accordance with the provisions of Sections 96 and 101 of the then Incorporation Act. This assessment was based upon a total capitalization of claimant in the sum of $1,275,000.00, as set forth in its annual report for the year 1931-1932. On May 1, 1931, the Secretary of State duly mailed an assessment notice of the franchise and initial tax fees totaling $212.98 to the Chicago office of the claimant; that on June 15, 1931, the claimant advised the

Secretary of State that it had not received a notice of assessment, whereupon the Secretary of State forwarded to the New Jersey office of the claimant a copy of the notice that he had formerly mailed to this corporation with a letter under date of June 18, 1931.

On June 24, 1931, the Secretary of State received a letter from the Assistant Treasurer of the claimant corporation, enclosing a check in the amount of $212.98, in full payment of corporate tax for the ensuing year. In this last mentioned communication, a copy of which is attached to the stipulation, the claimant corporation called attention to the fact that a typographical error had been made in their annual report, (which is a part of the file) in stating and listing their issued preferred stock at $950,000.00, whereas, it should have correctly been listed at $650,000.00.

In a letter under date of June 24, 1931, the claimant corporation protested payment and requested to be fully advised as to what procedure was necessary to secure a refund of the excess payment made through the above typographical error. In reply, the Secretary of State wrote the claimant corporation under date of June 29, 1931 advising it that unless restrained from doing so he was compelled to turn over the fees collected to the State Treasurer at the end of thirty days' time.

Additional communications were had between the Secretary of State and the claimant corporation between July 1, 1931 and October 9, 1931, the date of the filing of the present claim.

No question arises as to the facts and the Attorney General moves to dismiss upon the following grounds:

1. The declaration does not show there was a mutual mistake of fact.

2. The declaration does not show why claimant did not object to the franchise tax and request a hearing on such objection as provided by Section 112 of the Corporation Act.

3. The declaration does not show what portion of its capital stock is represented by business transacted and property located in this State.

From the files it would appear that the correct amount of the tax should have been $117.56, and that there was in fact an over-payment of $95.42.

In claimant's letter under date of June 24, 1931, it forwarded a check for the full amount for the sum of $212.98, with the statement that the same was paid under protest, and asked the Secretary to advise what procedure was necessary to file a corrected return and secure a refund of the tax as assessed by the Secretary. In reply to that letter under date of June 29, 1931, the Secretary of State advised that the fee of $212.98 which appeared to be due, must be, under the law, turned over to the State Treasury within thirty days from the date of payment, unless he, the Secretary had been restrained from doing so by a court of competent jurisdiction.

In a letter dated July 13, 1932 from the Secretary of State to the Attorney General attention was directed to a letter dated October 17, 1931 wherein the Secretary stated: "You will observe that the statement enclosed calls the corporation's attention to the fact that if a hearing is wished on this assessment it should be requested within ten days."

The records do not disclose that claimant ever requested hearing; neither does it appear that the Secretary's attention was called to any error or discrepancy until June 24, 1931, at which time the fee was paid under protest. The Secretary had mailed a franchise tax statement on May 1, 1931, and the taxes were paid on the following June 24th. A total of fifty-three days elapsed, which would have given claimant ample time to call the attention of the Secretary to the error, and file a supplemental report as provided by Section 112 of the general Corporation Act. The Statute has provided a way in which such matters may be corrected, but it must be done pursuant to the terms and provisions of the Statute and within the time fixed by Statute. Claimant could have fully protected itself because it appears that at the time the tax was paid, it was aware of the overpayment. Such matters can only be corrected in accordance with the provisions of the Statute applying thereto. Section 112 of the act then in force provided that the Secretary of State should mail a notice in writing to each corporation of the amount of tax assessed against it and that objections, if any, will be heard by him on request on a day not later than June 25. The law does not authorize the Court of Claims to extend time for hearing in matters of this kind, and it is no part of the duty of the Secretary of State to

advise anyone what his or her legal rights are under the Corporation Act.

Manifestly, any State department or any private business of the magnitude of that of the Corporation Department in the Secretary of State's Office, must transact its business with dispatch.

There is another matter of great importance in this case. The declaration filed by claimant did not allege the amount of business transacted or the amount of property located in Illinois, and such information does not otherwise appear from the record and even though we felt that we had jurisdiction in the matter, it would be necessary to deny a recovery in this case because of a lack of information upon which the amount of tax could be properly computed.

The claim will, therefore, be denied and case dismissed.